Gary B Moore
(Name)
P.O. Box 5002
(Address)
Calipatria, Ca. 92233
(City, State, Zip)
F 17016
(CDC Inmate No.)



FILED
2008 MAY 21 PM 3:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___Rm___ DEPUTY

# United States District Court
## Southern District of California

Gary B Moore,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

Calipatria State Prison,
T. Ochoa,
J. Anaya,
N. Grannis,
(Enter full name of each defendant in this action.)

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'08 CV 0904 IEG NLS

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. **Plaintiff**: This complaint alleges that the civil rights of Plaintiff, Gary B Moore (print Plaintiff's name), who presently resides at P.O. Box 5002 (mailing address or place of confinement) Calipatria, CA. 92233, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Calipatria State Prison (institution/place where violation occurred) on (dates) Since I arrived here in 2006 (Count 1) , (Count 2) , and (Count 3).

2. **Defendants**: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)
::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant **Calipatria State Prison** resides in **Imperial** (County of residence), and is employed as a **Prison** (defendant's position/title (if any)). This defendant is sued in his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **This is a state Prison**

Defendant **T. Ochoa** resides in **Imperial** (County of residence), and is employed as a **Chief Deputy Warden** at Calipatria Prison (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **because anything done to you by a prison guard, prison doctor, or prison administrator is an action "under color of state law"**

Defendant **J. Arraya** resides in **Imperial** (County of residence), and is employed as a **CC II counsel** at Calipatria Prison (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **because anything done to you by a prison guard, prison doctor, or prison administrator is an action "under color of state law"**

Defendant **N. Grannis** resides in **Sacramento** (County of residence), and is employed as a **Chief Inmate Appeals** for California Prisons (defendant's position/title (if any)). This defendant is sued in his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: **because anything done to you by a prison guard, prison doctor, or prison administrator is an action "under color of state law"**

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Refused to accommodate my medical Physical disability

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Bradley V. Puckett, 157 F.3d 1022, (5th CIR 1998)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

I have consistently been denied single cell status, because of my medical physical disability, and put in the cell with other inmates, thereby putting me in harms way.

As punishment for requesting single cell status for my medical disability, I have been celled with "CRIP" and "Blood" gang members, knowing that I'm not a gang member. Making it more dangerous for me.

A few years ago, I had two bullets removed from my back that affect my movement at times. I was allmost permanently paralyzed.

Now at times when I lay down and get relaxed I can't move untill my movement comes back.

If I have to use the toilet, I have to try to hole it untill my movement returns, then I have to get to the toilet immediately. If someone is in the cell with me this can cause a problems

My cellmates could be doing exercises, on the floor doing exercises off the toilet or at the door visiting with friends, like so many do uniformly. This causes major problems and arguments and even fights with cellmates because I may have to get to the toilet fast and I can't have someone blocking the toilet.

§ 1983 SD Form
(Rev. 5/98)

3

::ODMA\PCDOCS\WORDPERFECT\22834\1

Count 2: The following civil right has been violated: <u>The Eightth Amendment's Prohibition also protects my right to safe and somewhat decent conditions in prison</u>
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Sometimes when I don't have my movement I use the bathroom on myself and when my movement returns, I have to clean myself up immediately.

I have been attacked here at calipatria Prison by cellmates because of this Medical disability and I can't report these attacks because I will be lebaled a (Rat) or an (outcast) by the other inmates that I have to live with.

Count 3: The following civil right has been violated: <u>Deliberate Indifference</u>
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

1) The Prison officials know about this serious medical disability, and
2) have failed to respond reasonably to it

Dr. Young at Calipatria Prison requested an operation for my back to fix the problem that was denied by this Prison

Estelle, 429 U.S. at 104

Gutierrez v Peters 111 F.3d 1364 1369 (7th Cir 1997)

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____ N/A _____
Defendants: _____

(b) Name of the court and docket number: _____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____

(d) Issues raised:

_____

_____

_____

(e) Approximate date case was filed: _____
(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

602 Inmate appeal to Director's Level

§ 1983 SD Form
(Rev. 5/98)

6

::ODMA\PCDOCS\WORDPERFECT\22834\1

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): and a Temporary Restraining order preventing defendant(s) from putting any inmate in the cell with me

2. Damages in the sum of $ 1.2 Million dollars

3. Punitive damages in the sum of $ Two hundred thousand dollars each

4. Other: Compensatory damages of Two hundred thousand dollars each defendant

F. **Demand for Jury Trial**

Plaintiff demands a trial by ☐ Jury ☑ Court. (Choose one.)

G. **Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.   OR   ☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

May 19, 2008
Date

Harry B Moore
Signature of Plaintiff

§ 1983 SD Form
(Rev. 5/98)

7

::ODMA\PCDOCS\WORDPERFECT\22834\1

RECEIVED CAL APPEALS OCT 24 2007

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: **CAL**  Log No.: **A0701987**  Category: **9**

1. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Moore G   NUMBER: F17016   ASSIGNMENT: ____   UNIT/ROOM NUMBER: A5-104

A. Describe Problem: Initial ASU Review (ICC) 9/27/07 - I received the paperwork from that screening 10/16/07 from Counsel Brown. This inmate's case was reviewed for double cell housing and no pervasive pattern of in cell violence was noted. Inmate is assigned to double cell housing with no special restriction.
This is an error, I have a medical condition that require me to be single celled. I had two bullets removed

If you need more space, attach one additional sheet. See attached paper —

B. Action Requested: I'm requesting single cell status

Inmate/Parolee Signature: Gary B Moore   Date Submitted: 10/21/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: CAL **A0701987**

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: OCT 24 2007   Due Date: 12/07/07
☒ See Attached Letter
Signature: G. J. JANDA, AW-A/B   Date Completed: NOV 28 2007
Warden/Superintendent Signature: T. OCHOA, CDW   Date Returned to Inmate: NOV 28 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The problem is I have been attacked by two different because of this medical disability. This makes it unsafe for me to be in the cell with me and not decent condition for them] (The Eight Amendment's prohibition of cruel and unusual punishment also protects your Right to safe and unusual punishment also protects your Right to safe and somewhat decent condition in prison.) [accommodation of physical disabilities, Bradley v Puckell 157 F.3d 1022

Signature: Gary B Moore   Date Submitted: Dec. 5, 2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☒ See Attached Letter
Date: MAR 14 2008

CDC 602 (12/87)

RECEIVED CAL APPEALS OCT 24 2007        CAL        A0701987

from my back a few years ago that effects my movement at times, I was allmost permanently paralyzed. At times when I lay down and get relaxed, I can't move for 1-30 minutes. If I have to use the toilet I have to hole it untill my movement returns, then I have to get to the toilet immediately. If I'm in the cell with someone the can cause problem.

My cellee could be doing exercises on the floor or doing exercises off the toilet or at the door visiting with a friend — this can cause major problem arguements and even fights, because I may have to get to the toilet fast and I can't have someone blocking my way.

Sometime when I don't have my movement I use the bathroom on myself and when my movement returns I have to clean myself up immediately.

State of California            Department of Corrections and Rehabilitation

# Memorandum

Date : NOV 28 2007

To : INMATE MOORE, F17016

Subject : **SECOND LEVEL APPEAL RESPONSE LOG NO.: CAL-A-07-01987**

<u>ISSUE:</u> LIVING CONDITIONS

You note in your appeal that your CDC 128G, Classification Chrono dated September 27, 2007, Administrative Segregation Unit Institutional Classification Committee, notes the following: "This inmate's case was reviewed for double cell housing and no pervasive pattern of in cell violence was noted. Inmate is assigned to double cell housing with no special restrictions." You claim that this is an error as you have a medical condition that requires you to be single celled, and you are requesting single-cell status.

<u>INTERVIEWED BY:</u> J. Kellerman, Facility "B" Captain on October 21, 2007.

<u>REGULATIONS:</u> In consideration of your appeal, a review of the appeal and its attachments was conducted, as well as a review of your Central File. The California Code of Regulations and all applicable laws were also considered.

<u>DISCUSSION:</u>

On October 21, 2007, you were interviewed by Facility "B" Captain J. Kellerman, at which time you stated you had no additional information to add.

A review of your Central File reveals that the above referenced statement from your CDC 128G dated September 27, 2007, is correct. Your history reflects no pervasive pattern of in-cell violence.

Per Deputy Director Memorandum dated April 25, 2003, Double Cell Housing Policy (see attached), "Under current single-cell policy, inmates who are identified as having a history of in-cell sexual abuse, assaultive behavior toward a cell partner, significant in-cell violence against a cell partner, or verification of predatory behavior toward a cell or dormitory partner shall be reviewed and evaluated for single-cell status." Current policy does not allow for consideration of medical concerns as a basis for establishing single-cell status.

INMATE MOORE, F17016
CAL-A-07-01987
PAGE 2

## DECISION:

Therefore, your appeal is Denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

T. OCHOA
Chief Deputy Warden
Calipatria State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAR 1 4 2008

In re: Gary Moore, F17016
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

IAB Case No.: 0717378        Local Log No.: CAL-07-01987

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Hemenway, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:** It is the appellant's position that pursuant to his September 27, 2007 Institution Classification Committee review for double celling, it was noted that there was no pervasive pattern of in-cell violence with no special restrictions. The appellant claims that this is in error, due to his medical condition requiring him to be single celled. The appellant claims that it will be difficult to use the bathroom due to his condition and can't have someone blocking his way.

The appellant is requesting to be single celled.

II   **SECOND LEVEL'S DECISION:** The reviewer found that after a review of the appellant's Central File that the above referenced statement is correct. The appellant's history reflects no pervasive pattern of in-cell violence.

Pursuant to the Deputy Director's memorandum of April 25, 2003, regarding the double cell housing policy, it states, "Under current single cell policy, inmates who are identified as having a history of in-cell sexual abuse, assaultive behavior towards a cell partner, significant in-cell violence against a cell partner, or verification of predatory behavior toward a cell or dormitory partner shall be reviewed and evaluated for single cell status." Current policy does not allow for consideration of medical concerns as a basis for single cell status.

The appeal was denied at the Second Level of Review (SLR).

III   **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   A.   **FINDINGS:** The Director's Level of Review (DLR) noted the appellant's comments in section "H" of this appeal. The appellant alleges that he has had in-cell fights, however, they have not been documented. If they haven't been documented, the CDCR has no way of knowing the specifics of what the appellant is alleging. However, the criterion is a history of significant in-cell violence. It does not mean one or two occurrences of fist fights.

   As stated in the SLR, there is no single cell status for medical concerns. The anticipated inconvenience caused to the appellant's cell partner cannot be a factor for obtaining a single cell. The Department is severely overcrowded and single cells are a premium and a thing of the past, with a few exceptions. Medical conditions are not one of them.

   This examiner suggests that the appellant explain his situation to his cell partner before problems erupt. Positive communication between the appellant and his cell partner is imperative in order to co-exist in a small area.

   The appellant has not presented any convincing evidence that the decision made at the SLR should warrant any modification at the DLR.

   B.   **BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3000, 3001, 3270, 3335, 3342, 3380

GARY MOORE, F17016
CASE NO. 0717378
PAGE 2

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CAL
      Appeals Coordinator, CAL

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk  Low Bunk | P/T | 1 YR |
| Barrier Free/Wheelchair Access | P/T | Single Cell (See 128-C date: Low Tier) | P/T | |
| Ground Floor Cell (circled) | P/T  1 YR | Permanent OHU / CTC (circle one) | P/T | |
| Continuous Powered Generator | P/T | Other | P/T | |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None (circled) | | Wheelchair: (type) | P/T | |
| Limb Prosthesis | P/T | Contact Lens(es) & Supplies | P/T | |
| Brace | P/T | Hearing Aid | P/T | |
| Crutches | P/T | Special Garment: (specify) | P/T | |
| Cane: (type) | P/T | | | |
| Walker | P/T | Rx Glasses: | P/T | |
| Dressing/Catheter/Colostomy Supplies | P/T | Cotton Bedding | P/T | |
| Shoe: (specify) | P/T | Extra Mattress | P/T | |
| Dialysis Peritoneal | P/T | Other | P/T | |

## C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T | |
| Attendant to assist with meal access and other movement inside the institution. | P/T | Communication Assistance | P/T | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T | |
| | | Short Beard | P/T | |
| Wheelchair Accessible Table | P/T | Other | P/T | |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☒ Yes  ☐ No

If yes, specify: __NO LIFTING > 20 LBS__

| INSTITUTION  Calipatria | COMPLETED BY (PRINT NAME)  Sharen Young | TITLE  PA-C |
|---|---|---|
| SIGNATURE  Sharen Young PA-C | DATE  7/26/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE  8/22/07 | MOORE, GARY |
| (CIRCLE ONE)  APPROVED / DENIED | | F17016 |

COMPREHENSIVE ACCOMMODATION CHRONO

CDC 7410 (03/04)

Distribution: Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Gary B. Moore

**FILING FEE PAID**: No ✓
**IFP MOTION FILED**: Yes ✓
**COPIES SENT TO**: Court ✓

**FILED**
2008 MAY 21 PM 3:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Calipatria State Prison, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**: Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Gary B. Moore
PO Box 5002
Calipatria, CA 92233
F-17016

**ATTORNEYS (IF KNOWN)**

'08 CV 0904 IEG NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ ___
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ___  Docket Number ___

DATE: May 21, 2008

SIGNATURE OF ATTORNEY OF RECORD: /s/ R. Miller