# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MOORE.,<br>CDCR #F-17016,<br><br>            Plaintiff,<br><br>vs.<br><br>CALIPATRIA STATE PRISON;<br>T. OCHOA, Chief Deputy Warden;<br>J. ANAYA, CC II Counsel;<br>N. GRANNIS, Chief Inmate Appeal,<br><br>            Defendants. | Civil No.   08-0904 IEG (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE [Doc. No. 3];**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b): AND**<br><br>**(4) DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT [Doc. No. 5]** |

Gary B. Moore ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28

U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], a Motion to Appoint Counsel [Doc. No. 3] and an "Order to Show Cause for an Injunction" [Doc. No. 5].

### I.     MOTION TO PROCEED IFP [DOC. NO. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

1       Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No.
2  2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall
3  assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event
4  shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has
5  no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850
6  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's
7  IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when
8  payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated
9  by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison
10 trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

11 **II.    MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3]**

12      Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil
13 action. The Constitution provides no right to appointment of counsel in a civil case, however,
14 unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v.*
15 *Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1),
16 district courts are granted discretion to appoint counsel for indigent persons. This discretion may
17 be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017
18 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the
19 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se
20 in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and
21 both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,
22 789 F.2d 1328, 1331 (9th Cir. 1986)).

23      The Court denies Plaintiff's request without prejudice, as neither the interests of justice
24 nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
25 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

26 ////
27 ////
28 ////

**III.    SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,0 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

////

### A.     42 U.S.C. § 1983

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.     Eighth Amendment Claims

Here, Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In his Complaint, Plaintiff alleges that he requires a single cell because he has had "fist fights" with cellmates in his need to "get to the toilet fast" because of his medical condition. (Compl. at 3.) While Plaintiff claims that he has been attacked by cellmates, he also admits that he did not inform prison officials of these attacks. (*Id.* at 4.)

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Here, Plaintiff fails to identify any specific serious risk to his safety that was known to correctional officers. Plaintiff makes vague allegations of "attacks" and "fist fights" but he does not set forth any specific threats known to either Plaintiff or prison officials. Moreover, he acknowledges that he never informed prison officials of these alleged threats. Without pleading such facts, Plaintiff cannot show that any Defendant acted with

conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).

Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

### C. Eleventh Amendment

Finally, Plaintiff names the Calipatria State Prison which is part of the California Department of Corrections and Rehabilitation as a Defendant. (*See* Compl. at 1-2.) The State of California and the California Department of Corrections and Rehabilitation, as an agency of the State of California, are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). In order to state a claim under § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

Therefore, Plaintiff's claims for monetary damages against Calipatria State Prison and the California Department of Corrections and Rehabilitation are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

////

////

////

### IV. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED** without prejudice; and

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

////

1       6.      Plaintiff's Motion for Preliminary Injunction [Doc. No. 5] is **DENIED** as moot.

**DATED:  June 13, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**