# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MOORE,<br>CDCR #F-17016,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CALIPATRIA STATE PRISON;<br>T. OCHOA, Chief Deputy Warden;<br>J. ANAYA, CC II Counsel;<br>N. GRANNIS, Chief Inmate Appeal,<br>                                    Defendants. | Civil No.   08-0904 IEG (NLS)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE [Doc. No. 10];**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 12]; and**<br><br>**(3)  SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO<br> 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.   PROCEDURAL HISTORY

On May 13, 2008, Gary B. Moore ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion to Appoint Counsel

[Doc. No. 3]. This Court granted Plaintiff's Motion to Proceed *IFP*, denied Plaintiff's Motion for Appointment of Counsel and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* June 13, 2008 Order at 7-8. Nonetheless, the Court permitted Plaintiff leave to file an Amended Complaint to correct the deficiencies of pleading identified in the Court's Order. *Id.* On June 27, 2008, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 8], a second Motion for Appointment of Counsel [Doc. No. 10], and a Motion for Temporary Restraining Order [Doc. No. 12].

**II.   MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 10]**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff has filed a "Motion Temporary Restraining Order" [Doc. No. 12], along with an affidavit in support of his Motion.

///

///

///

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

Plaintiff's Motion for Temporary Restraining Order does not comply with Rule 65(b)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his First Amended Complaint, or his Motion have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or First Amended Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Id. Plaintiff has not provided the Court with any reasoning why Defendants have not been notified of Plaintiff's request for a preliminary injunction.

////

////

////

Plaintiff's Motion does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b). Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiff's Motion for Temporary Restraining Order [Doc. No. 12] pursuant to FED.R.CIV.P. 65(b).

## III.     SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,0 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A.    42 U.S.C. § 1983

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.    Eighth Amendment Claims - Failure to Protect

Here, Plaintiff's First Amended Complaint is, once again, subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Like his original Complaint, Plaintiff alleges that his disability has caused "major problems and arguments and even fights with cellmates." (FAC at 3.)

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Here, as before, Plaintiff fails to identify any specific serious risk to his safety that was known to correctional officers. Plaintiff makes vague allegations of "attacks" and "fist fights" but he does not set forth any specific threats known to either Plaintiff

or prison officials. Moreover, he acknowledges that Defendant Catlett attempted to assist him by filing complaints against these other inmates which Plaintiff refused to do. (FAC at 3.) Without pleading such facts, Plaintiff cannot show that any Defendant acted with conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).

Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted. If Plaintiff chooses to amend his pleading, he must identify how each named Defendant was responsible for the alleged constitutional violations.

**C.     Eighth Amendment - Medical care claims**

In addition, Plaintiff alleges that "prison officials know" about his medical disability but "have failed to respond responsibly to it." (FAC at 5.) Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

////

////

1       Here, the Court finds that Plaintiff's allegations he had been shot previously which led
2  to back problems sufficient show that his medical needs were serious enough to satisfy the
3  objective component of an Eighth Amendment violation. *See McGuckin*, 974 F.3d at 1059-60;
4  *Farmer*, 511 U.S. at 834.

5       However, while Plaintiff has alleged facts sufficient to establish the existence of a serious
6  medical need, he must also allege that each Defendant's response to his need was deliberately
7  indifferent. *Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when
8  prison officials deny, delay, or intentionally interfere with a prescribed course of medical
9  treatment, or it may be shown by the way in which prison medical officials provide necessary
10 care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said
11 that a prisoner's civil rights have been abridged with regard to medical care, however, "the
12 indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or
13 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*,
14 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v.*
15 *Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, Plaintiff has failed to identify any Defendant
16 which he claims is responsible for denying his medical care. Moreover, Plaintiff does not
17 sufficiently allege the specific medical care which he claims he is being denied. Without more,
18 the Court finds Plaintiff is unable to allege facts sufficient to state an Eighth Amendment
19 deliberate indifference to a serious medical need claim.

20      **D.    ADA Claims**

21      Finally, Plaintiff, although it is not entirely clear, appears to be attempting to state a claim
22 under the Americans with Disabilities Act ("ADA"). (*See* FAC at 3.) Title II of the ADA
23 broadly prohibits discrimination by public entities against individuals with disabilities: "[N]o
24 qualified individual with a disability shall, by reason of such disability, be excluded from
25 participation in or be denied the benefits of the services, programs, or activities of a public
26 entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The
27 prohibitions of the ADA apply to state prisons. *See Pennsylvania Dep't of Corrections v.*
28

*Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 1954 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

The Ninth Circuit set out the elements of a claim under Title II of the ADA in *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002):

> To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Id.* at 895 (citing *Weinrieich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). However, Plaintiff's First Amended Complaint fails to allege any of these factors. Accordingly, Plaintiff's claims brought pursuant to the ADA are dismissed for failing to state a claim upon which relief may be granted.

### IV. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [Doc. No. 10] is **DENIED**.

2. Plaintiff's Motion for Temporary Restraining Order [Doc. No. 12] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b).

**IT IS FURTHER ORDERED** that:

3. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

////

////

////

Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**DATED: July 21, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**